# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

JON B. HAVRILESKO,

      Plaintiff,

    v.

PETRY HOME BUILDERS, LLC,
VULCAN BUILDING, LLC,
JALA, LLC,
NEWARK HOMEBUILDERS, LLC,
ACADIA HOMES LLC,
SELENE HOMES LLC,
SAOIRSE HOMES LLC,
JENNIFER JEFFERY, JOSHUA PETRY,
JEFFREY G. PETRY, JACOB PETRY,
MIKE HAEGELE, and JOHN KNABE,

      Defendants.

<u>JURY DEMANDED</u>

---

## *COMPLAINT FOR*
## *COPYRIGHT INFRINGEMENT*

---

Jon B. Havrilesko ("Plaintiff"), by his undersigned attorneys, states as follows for this Complaint against Petry Home Builders, LLC, Vulcan Building, LLC, Jala, LLC, Newark Homebuilders, LLC, Acadia Homes LLC, Selene Homes LLC, and Saoirse Homes LLC (the "Entity Defendants"), and Jennifer Jeffery, Joshua Petry, Jeffrey G. Petry, Jacob Petry, Mike Haegele and John Knabe (the "Individual Defendants") (collectively, "Defendants"):

**Jurisdiction and Venue**

1.  The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act, 17 USC § 101, et seq.

2.  Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants or their agents reside and/or may be found within this District.

**Parties**

3.  Plaintiff, Jon B. Havrilesko, is an individual who engages in the business of creating, publishing, and licensing copyrighted architectural works. He is a resident of Winnebago County, Illinois.

4.  Defendant, Petry Home Builders, LLC is a for-profit Illinois limited liability company with its principal office located at 5328 Swanson Road, Roscoe, IL 61073. Petry Home Builders, LLC is in the business of marketing, development, construction and sales of residential houses. Petry Home Builders, LLC is registered for service through its registered agent, Thomas J. Lester at 6735 Vistagreen Way, Ste 110 Rockford, IL 61107. Petry Home Builders, LLC formerly did business under the name, Byard Home Builders, LLC until July 17, 2017. Its current Managers are defendants Jennifer Jeffrey and Joshua Petry. On information and belief, it was previously managed by Jeffrey G. Petry.

5.  Defendant, Vulcan Building, LLC is a for-profit Illinois limited liability company with its principal office located in 5328 Swanson Road Roscoe, IL 61073. Vulcan Building, LLC is in the business of marketing, development, construction and sales of residential houses. Vulcan Building is registered for service through its registered

2

agent, Jennifer Jeffery at 5328 Swanson Road Roscoe, IL 61073. Its Manager is defendant Jennifer Jeffrey.

6. Defendant, Jala, LLC is a for-profit Illinois limited liability company with its principal office located in 5328 Swanson Road Roscoe, IL 61073. Jala, LLC is in the business of marketing, development, construction and sales of residential houses. Jala, LLC is registered for service through its registered agent, BSLBV at 6833 Stalter Dr STE 100 Rockford, IL 61108. Its Manager is defendant Jennifer Jeffrey.

7. Defendant, Newark Homebuilders, LLC is a for-profit Illinois limited liability company with its principal office located in 14649 W. Beloit – Newark Rd Brodhead, WI 53520. Newark Homebuilders, LLC is in the business of marketing, development, construction and sales of residential houses. Newark Homebuilders, LLC is registered for service through its registered agent, Robert C. Pottinger at 6833 Stalter Dr Rockford, IL, 61108. Its Manager is defendant Michael Haegele.

8. Defendant, Acadia Homes LLC is a for-profit Illinois limited liability company with its principal office located at 12518 Battery Park Dr., Loves Park, Illinois, 61110. Acadia Homes LLC is in the business of marketing, development, construction and sales of residential houses. Acadia Homes LLC is registered for service through its registered agent, John Knabe at 12518 Battery Park Dr., Loves Park, Illinois, 61110. Its Manager is defendant John Knabe.

9. Defendant, Selene Homes LLC is a for-profit Wisconsin limited liability company. On information and belief, its principal office is located at 10535 N. Oakway Ln.,

Edgerton, WI 53534. Selene Homes LLC is in the business of marketing, development, construction and sales of residential houses. Selene Homes LLC is registered for service through its registered agent, Saoirse Homes LLC at 10535 N. Oakway Ln., Edgerton, WI 53534.

10. Defendant, Saoirse Homes LLC is a for-profit Wisconsin limited liability company. On information and belief, its principal office is located at 10535 N. Oakway Ln., Edgerton, WI 53534. Saoirse Homes LLC is in the business of marketing, development, construction and sales of residential houses. Saoirse Homes LLC is registered for service through its registered agent, Jennifer Jeffrey at 10535 N. Oakway Ln., Edgerton, WI 53534.

11. The Defendant, Jennifer Jeffery is an individual and owner, officer, director, manager and/or other genre of principal of Petry Home Builders, LLC, Vulcan Building, LLC, Jala, LLC, Selene Homes LLC and Saoirse Homes LLC, and may be served at 5328 Swanson Road Roscoe, IL 61073 or other such places she may be found.

12. The Defendant, Joshua Petry is an individual and owner, officer, director, manager and/or other genre of principal of Petry Home Builders, LLC and Vulcan Building, LLC and may be served at 5328 Swanson Road Roscoe, IL 61073 or other such places he may be found.

13. The Defendant, Jeffrey G. Petry is an individual and former owner, officer, director, manager and/or other genre of principal of Petry Home Builders, LLC and may be

served at 10905 Olson Road, Belvidere, Illinois 61008 or other such places as he may be found.

14.     The Defendant, Jacob Petry is an individual and former owner, officer, director, manager and/or other genre of principal of Petry Home Builders, LLC and may be served at 11211 Inverway, Belvidere, Illinois 61008 or other such places as he may be found.

15.     The Defendant, Mike Haegele is an individual and owner, officer, director, manager and/or other genre of principal of Newark Homebuilders, LLC and may be served at 14649 W. Beloit – Newark Rd Brodhead, WI 53520 or other such places as he may be found.

16.     The Defendant, John Knabe is an individual and owner, officer, director, manager and/or other genre of principal of Acadia Homes, LLC and may be served at 14649 W. Beloit – Newark Rd Brodhead, WI 53520 or other such places as he may be found.

17.     Defendants and their agents engage in the business of building homes and publishing, distributing, and advertising residential homes and home designs through traditional print media and on the internet on sites such as the MLS and Zillow.com.

**Facts**

18.     The United States Copyright Act defines an "Architectural Work" as:

> ….. *the design of a building* as embodied in any tangible medium of expression, *including a building, architectural plans, or drawings*. The work includes the overall form as well as the arrangement and composition

of spaces and elements in the design but does not include individual standard features.

(Emphasis added).

19.    Plaintiff created certain Architectural Works in the form of home plans, commonly referred to as "blueprints," for the construction of single-family houses.

20.    The Architectural Works at issue in this suit (the "Subject Plans") were created by Plaintiff as "works made for hire" in the course of his employment with Rebenok Design & Consulting LLC, an Illinois Limited Liability Company which Plaintiff founded and was the sole managing member and employee of.

21.    Rebenok Design & Consulting LLC has subsequently assigned all of its right, title, and interest in its plans (including, but not limited to, the Subject Plans) to Plaintiff, who is thereby the exclusive owner of the copyrights in those plans, and the exclusive owner of any causes of action for the violation of said copyrights.

22.    Rebenok Design & Consulting LLC occasionally granted limited, single build construction licenses for the Subject Plans, which authorized the licensee to use those plans to build a single home on a single lot.

23.    "JJP Development" was granted a single build construction license for each of the Subject Plans from Rebenok Design & Consulting LLC.

24.    On information and belief, "JJP Development" had principals or agents in common with Petry Home Builders, LLC, Vulcan Building, LLC, Jala, LLC, Selene Homes, LLC, and/or Saoirse Homes LLC.

6

25.    Subject to the terms of the limited, single build construction licenses granted to JJP, the license holder was provided with copies of the Subject Plans, and allowed to use them to construct a single home on each lot identified in those plans.

26.    The Subject Plans included a disclaimer that reads:

> **"The use of all or any part of these copyrighted drawings is restricted to projects built by or for JJP Development on the lot specified on this sheet.  Any other use is strictly prohibited."**

(Ex. 1 & 2 hereto).

27.    Plaintiff is the sole original author of the Subject Plans and the sole owner of the rights in the Subject Plans, which include the 1978B, 1978C, 1978D, 1978E models, the 2149A, 2149B models, and the 1848A, 1848B, and 1848E models.

28.    **Exhibit 1** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978B."

29.    **Exhibit 2** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978C."

30.    **Exhibit 3** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978D."

31.    **Exhibit 4** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978E."

32.  **Exhibit 5** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "2149A."

33.  **Exhibit 6** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "2149B."

34.  **Exhibit 7** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848A."

35.  **Exhibit 8** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848B."

36.  **Exhibit 9** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848E."

37.  Every version of the Subject Plans provided to JJP Development by Plaintiff and/or Rebenok Design & Consulting LLC  prominently displayed copyright management information ("CMI"), ensuring that anyone who received said plans would understand that Rebenok Design & Consulting LLC owned all rights and title to the Subject Plans, and that any license granted was a one-time event for a single build at a discrete location reflected on the plan.

38.    In December, 2020, Plaintiff and Rebenok Design & Consulting LLC first became aware that the Defendants had violated the copyrights in the 1978 and 2149 plans by building unlicensed homes using the those plans.

39.    More particularly, while driving through a subdivision in December 2020, Plaintiff saw homes that appeared to be virtually identical to the 1978 and 2149 plans he created while working with Rebenok Design & Consulting LLC. He subsequently discovered that defendants had infringed the 1848 home plan as well, and subsequently discovered that defendants built infringements of the Subject Homes in other locations.

40.    Subsequently, upon investigating Defendants' unlicensed use of the subject plans, Plaintiff discovered that Defendants' have advertised and built dozens of homes throughout Illinois and Wisconsin which were constructed off of the Subject Plans or unlawful derivatives of the Subject Plans.

41.    On information and belief, Defendants' advertisement and promotion of unlawful derivatives of the Subject Plans caused the sale of dozens of these homes.

42.    Neither Rebenok Design & Consulting LLC nor Plaintiff have ever issued Defendants any license to use the Subject Plans, or build homes using them. Nor did JJP Development have any right to transfer or assign its limited construction licenses to any of the defendants.

43.    As shown below, the floor plan and elevation drawings used for advertising purposes by defendants for the following architectural designs are virtually identical to the respective floor plan and elevation drawings in the Subject Plans:

9

a. Plaintiff's model "1848A" – Defendants' "Glacier A"

Plaintiff's model "1848A"                    Glacier A



Compare Plaintiff's 1848A plan (Ex 7) with homes advertised by one or more of the defendants (*e.g.* Ex 10-11).

b. Plaintiff's model "1848B" – Defendants' "Glacier B"

Plaintiff's model "1848B"                    Glacier B







Compare Plaintiff's 1848B plan (Ex 8) with homes advertised by one or more of the defendants (*e.g.* Ex 12-13).

c. Plaintiff's model "1848E" – Defendants' "Glacier E"

Plaintiff's model "1848E"                                    Glacier E







Compare Plaintiff's 1848E plan (Ex 9) with homes advertised by one or more of the defendants (*e.g.* Ex 14-15).

d. Plaintiff's model "1978B" – Defendants' "Yellowstone B"

Plaintiff's model "1978B"                    Yellowstone B







Compare Plaintiff's 1978B plan (Ex 1) with homes advertised by one or more of the

defendants (*e.g.* Ex 16-17).

13

e. Plaintiff's model "1978C" – Defendants' "Yellowstone C"

Plaintiff's model "1978C"          Yellowstone C







Compare Plaintiff's 1978C plan (Ex 2) with homes advertised by one or more of the defendants (*e.g.* Ex 18-19).

f. Plaintiff's model "1978D" – Defendants' "Yellowstone D"

Plaintiff's model "1978D"                    Yellowstone D

 

 

Compare Plaintiff's 1978D plan (Ex 3) with homes advertised by one or more of the defendants (*e.g.* Ex 19-21).

g. Plaintiff's model "1978D" – Defendants' "Jasper"

Plaintiff's model "1978D"                    Defendants' Jasper







Compare Plaintiff's 1978D plan (Ex 3) with homes advertised by one or more of the defendants (*e.g.* Ex 20).

h.  Plaintiff's model "1978E" – Defendants' "Yellowstone E"

Plaintiff's model "1978E"                              Yellowstone E



Compare Plaintiff's 1978E plan (Ex 4) with homes advertised by one or more of the defendants (e.g. Ex 22-23).

17

i. Plaintiff's model "2149A" – Defendants' "Acadia A"

Plaintiff's model "2149A"                    Acadia A










Compare Plaintiff's 2149A plan (Ex 5) with homes advertised by one or more of the defendants (*e.g.* Ex 24-25).

j. Plaintiff's model "2149B" – Defendants' "Acadia B"

Plaintiff's model "2149B"                    Acadia B

 

 

 

Compare Plaintiff's 2149B plan (Ex 6) with homes advertised by one or more of the defendants (*e.g.* Ex 26-28).

**44.** On information and belief, the above homes marketed by defendants resulted in the construction of homes that themselves are also virtually identical to plaintiff's copyrighted designs.

**45.** On information and belief, with respect to the versions of the Subject Plans licensed to JJP Development by Rebenok Design & Consulting LLC, one or more of the Defendants removed copyright management information ("CMI") from those plans and removed the identification of the lot that the homes were originally to be built upon, and then used those modified, unlicensed plans to advertise and ultimately build homes at other locations.

**46.** Upon information and belief, all of the Entity Defendants are subject to common control, operating from many of the same principal places of business, sharing many of the same principals, developing residential subdivisions in Illinois and Wisconsin which are owned by one or more of the defendants, their principals, or their affiliates, and constructing and selling residential houses in the same residential subdivisions using the same advertisements and/or marketing materials directly copied or derived from Plaintiff's Copyrighted Works.

**47.** On information and belief, all of the Defendants had access to Plaintiff's copyrighted plans, and used them or unlicensed derivatives of them in the course of creating their infringing copies.

**48.** In order to advertise and/or market their business, Defendants published infringing copies of Plaintiff's Copyright Works and/or derivatives of them on Defendants' and other third-party websites, such as MLS and Zillow.com, for the purposes of

advertising, marketing, and/or promotion. Upon information and belief, Defendants also published infringing copies of Plaintiff's Copyright Works in print publications, including but not limited to plan flyers, signs, brochures, and/or other forms of print advertising.

49.     Additionally, upon information and belief, Defendants received revenue attributable to the online and/or print publication of infringing copies of Plaintiff's Copyrighted Works by developing, constructing, advertising, marketing, and/or selling one or more three-dimensional copies of these works (houses), and/or from the development of subdivisions where such revenue was realized through the sales of lots.

50.     Upon information and belief, Defendants have infringed Plaintiff's copyrights in the Subject Plans, and possibly in other Architectural Works. The scope and breadth of their infringing activities will be ascertained during the course of discovery.

**Contributory and/or Vicarious Liability of the Individual Defendants**

51.     Because the Individual Defendants are principals, owners, officers, and/or managers of the Entity Defendants, or otherwise had control of them, they had knowledge of Defendants' infringing activities, and/or materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendants' copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

52. The conduct of the Entity Defendants described above was performed and/or accomplished through the direction, control and conduct of the Individual Defendants personally, as owners, officers, directors and/or managers of the Entity Defendants.

53. The Individual Defendants had the right and ability to supervise the infringing activities, including but not limited to preventing the Entity Defendants from infringing Plaintiff's Copyright Works, and/or stopping the infringements once they began.

54. Additionally, on information and belief, the Individual Defendants received direct financial benefit from the acts of infringement by the Entity Defendants.

55. Accordingly, the Individual Defendants are personally liable to Plaintiff as joint and/or contributory infringers, or are otherwise vicariously liable.

56. The illicit acts of the Defendants, described above, were done without permission or license from Plaintiffs and in violation of Plaintiff's exclusive copyrights in said works.

## Causes of Action for Non-Willful Copyright Infringement

### Count One

57. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

58. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above, by modifying the original plans, selectively copying parts of the original plans, and/or reproducing unauthorized

copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

## Count Two

59.  Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

60.  Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

## Count Three

61.  Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

62.  Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works by building, advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiff's Works which are as yet undiscovered.

## Alternative Causes of Action for Willful Copyright Infringement

### Count Four

63.  Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

64.  Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by scanning, copying, and/or reproducing unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

### Count Five

65.  Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

66.  Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

### Count Six

67.  Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

68.  Defendants, willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works by building, advertising, marketing and/or selling one or more houses based

upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiff's Works which are as yet undiscovered.

**Conclusion and Prayer**

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against the Defendants jointly and severally, as follows:

A.    For an accounting by Defendants of their activities in connection with their infringements of Plaintiff's copyrights in the Subject Plans, as well as of the gross profits and/or indirect profits and revenue attributable to their infringement(s);

B.    For Plaintiff's actual damages, in an amount to be determined at trial;

C.    For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the development, construction, advertising, promotion, marketing, appraisal and sale of houses built from infringing designs advertised and/or marketed by Defendants in an amount to be determined at trial;

D.    In the alternative, at Plaintiff's option, an award of statutory damages in lieu of actual damages for the infringement of any one or more of his works described above, in an amount to be determined at trial;

E.    Plaintiff's actual attorney fees, court costs, taxable costs, and other litigation costs as allowed by law;

F.    For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiff's copyrights in any manner

whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiff's plans and/or derivatives thereof;

G.    An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiff's copyrights, including all photographs, blueprints, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants; and

H.    For such other relief as the Court determines to be just and equitable.

Respectfully submitted on behalf of Plaintiff:
Jon B. Havrilesko

BY:   /s/  Joel M. Huotari
Joel M. Huotari (#6289792)
Marc C. Gravino (#06198531)
WilliamsMcCarthy, LLP
120 West State Street, Suite 400
P. O. Box 219
Rockford, IL  61105-0219
jhuotari@wilmac.com
mgravino@wilmac.com
815-987-8900